**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RICO ISAIH HAIRSTON,**

    **Plaintiff,**

                                      **Civil Action 2:18-cv-952**
    **v.**                                    **Judge George C. Smith**
                                      **Magistrate Judge Elizabeth P. Deavers**

**MR. DAILY,** *et al.***,**

    **Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff, a state inmate proceeding without the assistance of counsel, brings this prisoner civil rights action under 42 U.S.C. § 1983.  (ECF No. 1-1.)   Plaintiff seeks leave of Court to initiate this action without prepayment of fees or costs.  (ECF No. 1.)   For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**.

**I.**

The Prisoner Litigation Reform Act ("PLRA") limits a prisoner's ability to proceed *in forma pauperis* if the prisoner has had three or more prior cases dismissed on the grounds that they were frivolous or malicious:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   In interpreting the language of this section, the United States Court of

Appeals for the Sixth Circuit has held that claims dismissed as frivolous or for failure to state a claim both count as strikes under § 1915(g).  *Pointer v. Wilkinson*, 502 F.3d 369, 373 (6th Cir. 2007) ("The text of § 1915(b) draws no distinction between claims dismissed as frivolous or for failure to state a claim; both types of dismissals count as a strike").

As the language of § 1915(g) indicates, the three-strikes provision will not apply if a "prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The Sixth Circuit describes the requirements for a claim of imminent danger as follows:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed."  *Rittner v. Kinder*, 290 Fed.Appx. 796, 797 (6th Cir. 2008) (internal quotation marks omitted).  "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception."  *Id*. at 797–98; *see also Taylor* [*v. First Med. Mgmt.*], 508 Fed.Appx. [601] at 492 [(6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 Fed.Appx. 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf. Pointer*, 502 F.3d at 371 n. 1 (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists.  To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (*i.e*. are fantastic or delusional and rise to the level of irrational or wholly incredible)."  *Rittner*, 290 Fed.Appx. at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 Fed.Appx. at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Servs., Inc*., 727 F.3d 580, 585 (6th Cir. 2013).

## II.

The Undersigned concludes that Plaintiff has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g) of the PLRA.  After conducting a review of the records of the United States Courts, the Court has found at least three cases that qualify as strikes under the three-strikes provision:

*Hairston v. Emeaghara*, No. 2:18-cv-951 (S.D. Ohio): Dismissed on October 22, 2018, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B);

*Hairston v. Harris*, No. 2:17-cv-421 (S.D. Ohio): Dismissed on January 5, 2018, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and;

*Hairston v. Franklin County Court of Common Pleas of the City of Columbus*, No. 2:17-cv-362 (S.D. Ohio): Dismissed on January 24, 2018, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Each of the three cases was before the United States District Court; each was dismissed for failure to state a claim upon which relief may be granted. Thus, Plaintiff must pay the full filing fee in this case unless the "imminent danger" exception applies to the facts he has presented in his Complaint.

A review of Plaintiff's Complaint (ECF No. 1-1) reveals that he is not in imminent danger of serious physical injury. Plaintiff alleges that he was exposed to second-hand smoke while incarcerated at the Correctional Reception Center ("CRC"), in violation of his rights under the Eighth Amendment to the United States Constitution. (*See generally id.*) He specifically alleges that Defendants Messrs. Daily and Marchand, corrections officers at CRC, smoked outside the facility on various occasions in July 2018 (and, although it is not clear, perhaps in the preceding six months as well as on August 6, 2018), resulting in Plaintiff's injury. (*Id.*)[1]

---

[1] Plaintiff filed his Motion to Proceed *In Forma Pauperis* on August 24, 2018 (ECF No. 1). After two Notices of Deficiency (ECF Nos. 2 and 4), Plaintiff filed his certified trust fund account statement (ECF No. 7) on October 9, 2018. The docket also reflects that prior to the filing of that account statement, Plaintiff was transferred from CMC to Toledo Correctional Institution on August 30, 2018, and therefore no longer exposed to second hand smoke at CMC. (ECF No. 5.) *Cf. Reed v. Geo Grp.*, No. 3:18-cv-191, 2018 WL 2227217, at *2 (N.D. Fla. Apr. 12, 2018) ("As plaintiff's allegations [related to environmental tobacco smoke] concern events and individuals at a prior place of confinement, the complaint does not demonstrate plaintiff is

3

However, these alleged incidents pre-date the filing of his action. As set forth above, allegations of past danger do not satisfy the "imminent danger" exception. *See*, *e.g.*, *Vandiver*, 727 F.3d at 585; *Taylor*, 508 F. App'x at 492; *Percival*, 443 F. App'x at 946. Moreover, other courts have held that exposure to second-hand smoke does not constitute an "imminent" danger under 28 U.S.C. § 1915(g). *See*, *e.g.*, *Foster v. Unidentified Party*, No. 01-40349, 2002 WL 663757, at *1 (5th Cir. Apr. 1, 2002) (affirming district court dismissal under § 1915(g) where the plaintiff, who alleged that the "defendants negligently subjected him to second-hand smoke by failing to enforce a no-smoking policy[,]" failed to show he was under imminent danger of serious physical harm); *Hart v. Sec'y, Fla. Dep't of Corr.*, No. 4:18-cv-322, 2018 WL 4471747, at *1 (N.D. Fla. Sept. 18, 2018) (stating that "exposure to tobacco smoke can cause serious physical injury, even death[, but that] [m]ost tobacco-caused serious physical injuries result from long-term exposure and cannot fairly be characterized as imminent" and finding that the plaintiff is not entitled to proceed *in forma pauperis* under § 1915(g)); *Johnson v. Mercer*, No. 4:13-cv-321, 2013 WL 4549052, at *1 (N.D. Fla. Aug. 28, 2013) ("Second-hand smoke does pose a risk of serious physical injury, but the risk is not sufficiently imminent to qualify under § 1915(g)."); *Wilson v. Riley*, No. 2:07-cv-891-WKW, 2007 WL 3120133, at *1 (M.D. Ala. Oct. 23, 2007) ("While second hand smoke can cause health problems, these potential ailments are not sufficiently imminent to allow Wilson an exception to the frequent filer provision of 28 U.S.C. [§] 1915(g).").

For all of these reasons, Plaintiff has not alleged an imminent, real, and proximate danger

---

under imminent danger of serious physical injury. Even without regard to his present state of confinement, the allegations do not show imminent danger.").

of serious physical injury so as to qualify for *in forma pauperis* status under the exception the three strikes provision of 28 U.S.C. § 1915(g).  Accordingly, the "imminent danger" exception to § 1915(g) does not apply.   Because Plaintiff does not qualify for the imminent danger exception to the three-strikes provision of the PLRA, he must pay the full filing fee for this case to proceed.

### III.

Because Plaintiff has accumulated three strikes within the meaning of § 1915(g) and he is not in imminent danger of serious physical injury, the PLRA precludes Plaintiff from proceeding *in forma pauperis*.   Accordingly, it is **RECOMMENDED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**; that Plaintiff be required to pay the entire $400 filing fee within **THIRTY (30) DAYS** of an Order adopting this Report and Recommendation; and that Plaintiff be notified that his failure to pay the full fee within thirty (30) days will result in the dismissal of the action.   *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).   It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.   *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### IV.   PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: November 5, 2018           /s/ *Elizabeth A. Preston Deavers*
                         ELIZABETH A. PRESTON DEAVERS
                         UNITED STATES MAGISTRATE JUDGE